UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| FIREFIGHTERS' RETIREMENT SYSTEM, MUNICIPAL EMPLOYEES' RETIREMENT SYSTEM, AND NEW ORLEANS FIREFIGHTERS' PENSION & RELIEF FUND<br><br>**Plaintiffs,**<br><br>vs.<br><br>**GRANT THORNTON, LLP AND CONSULTING SERVICES GROUP, LLC**<br><br>**Defendants.** | § § § § § § § § § § § § § § § § §    Civil Action No. _____ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**NOTICE OF REMOVAL**

Please take notice that, pursuant to 28 U.S.C. §§ 1446 and 1452(a), defendant Consulting Services Group, LLC ("CSG"), through its undersigned counsel, hereby removes the above-captioned action ("Action") from the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana to the United States District Court for the Middle District of Louisiana.  This removal arises under 28 U.S.C. §§ 1332, 1334(b), 1367, 1441, 1446 and 1452(a).  As grounds for removal, CSG states as follows:

**Procedural History And Background**

1. On or about January 17, 2014, plaintiffs Firefighters' Retirement System ("FRS"), Municipal Employees' Retirement System of Louisiana ("MERS") and New Orleans Firefighters' Pension and Relief Fund ("NOFF" and, together with FRS and MERS, the "Plaintiffs") filed a Petition for Damages (the "Petition") captioned *Firefighters' Retirement System, et al.* v. *Grant Thornton, LLP, et al.*, Docket No.

1150775v2

627,710, in the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana (the "State Court").

2. On January 22, 2014, CSG received long-arm service pursuant to La. R.S. 13:3201 *et seq.* of a Citation and a certified copy of the Petition. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon CSG are attached hereto as *in globo* Exhibit A. All other documents filed in the record of this Action to date are likewise attached hereto as Exhibit B.

3. Plaintiffs, who are three pension funds, allege that they were misled about the nature and value of an offshore fund in which they purchased shares. The Petition asserts claims under the Louisiana Securities Act and Louisiana Unfair Trade Practices Act, as well as third party beneficiary, breach of contract, negligence, and negligent misrepresentation claims.

4. The claims asserted by Plaintiffs in this Action arise from the same transactions and occurrences that are the subject of the claims asserted by Plaintiffs in the matter captioned *Firefighters' Retirement System, et al. v. Citco Group Limited, et al.*, Case No. 13-00373, United States District Court, Middle District of Louisiana (the "Original Lawsuit"). Indeed, in this Action, Plaintiffs assert against CSG the same purported "breach of contract" claim that they first asserted against CSG in March 2013 in the Original Lawsuit.

5. After the Original Lawsuit was removed to this Court, the Plaintiffs filed a motion to remand that remains pending at this time. S*ee* Original Lawsuit, Rec. Doc. 60. The defendants in the Original Lawsuit filed original and supplemental opposition memoranda in response to the motion to remand. *See, e.g.,* Original Lawsuit, Rec. Docs. 88, 113, 160, 195. Because this Action relates to and is duplicative of the Original

Lawsuit, CSG hereby adopts the arguments set forth in defendants' opposition memoranda, solely to the extent such arguments address this Court's "related to" bankruptcy jurisdiction. For the reasons set forth therein and below, this Court has "related to" bankruptcy jurisdiction over this Action. This Court also has diversity jurisdiction over this Action.

6. No motions or other proceedings in this Action are pending in the State Court.

7. The 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana is located within the Middle District of Louisiana. 28 U.S.C. § 98(b). Therefore, this Court is the proper venue for removal of this action pursuant to 28 U.S.C. § 1441(a) because this is the district and division embracing the place where the State Court Action was pending.

### This Action Is "Related To" Three Separate Bankruptcy Cases

8. Removal is proper under 28 U.S.C. §1452(a), which provides that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district has jurisdiction of such claim or cause of action under section 1334 of this title."

9. 28 U.S.C. §1334(b), in turn, provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." As set forth below, this Action is related to three separate bankruptcy cases arising under title 11, all of which are pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

1150775v2

10. Specifically, this Action relates to the following pending bankruptcy cases (i) *In re Fletcher International, Ltd.*, Case No. 12-12796 (Bankr. S.D.N.Y. 2012) (the "FIL Bankruptcy"); (ii) *In re: FIA Leveraged Fund*, Case No. 14-10093 (Bankr. S.D.N.Y. 2014) (the "Leveraged Bankruptcy"); and (iii) *In re: Fletcher Income Arbitrage Fund Ltd.*, Case No. 14-10094 (Bankr. S.D.N.Y. 2014) (the "Arbitrage Bankruptcy" and, together with the FIL Bankruptcy and the Leveraged Bankruptcy, the "Fund Bankruptcies").

11. The FIL Bankruptcy is proceeding under Chapter 11 of the Bankruptcy Code, while the Leveraged and Arbitrage Bankruptcies are proceeding under Chapter 15 of the Bankruptcy Code.[1]

12. Plaintiffs' allegations against the defendants in this Action arise from Plaintiffs' investments in FIA Leveraged Fund (the "Leveraged Fund"), the debtor in the Leveraged Bankruptcy. As Plaintiffs admit, the Leveraged Fund was a "feeder fund in a 'master/feeder' structure" that was formed in order to invest in Fletcher Income Arbitrage Fund Ltd. (the "Arbitrage Fund"), the debtor in the Arbitrage Bankruptcy. The "master fund" in the "master/feeder" structure in which Plaintiffs invested was Fletcher International, Ltd. ("FIL"), the debtor in the FIL Bankruptcy.

13. In other words, (i) Plaintiffs invested in the Leveraged Fund (a debtor and a feeder fund), (ii) the Leveraged Fund invested in the Arbitrage Fund (a debtor and an intermediate fund), and (iii) the Arbitrage Fund invested in FIL (a debtor and the master fund in the master-feeder fund structure).

---

[1] A Chapter 15 case is ancillary to a primary proceeding brought in another country and is commenced by a foreign representative filing a petition for recognition of a foreign proceeding in the United States. 11 U.S.C. § 1504. Such recognition typically offers the foreign debtor certain protections from creditors including an automatic stay of proceedings by creditors against the foreign debtor's assets in the United States.

14.     FIL initiated the FIL Bankruptcy in 2012.  Each of the Plaintiffs filed in the FIL Bankruptcy a proof of claim (collectively, the "FIL Proofs of Claim") and a Statement of Louisiana Pension Systems ("Plaintiffs' Statement").  Copies of the FIL Proofs of Claim and the Plaintiffs' Statement are attached hereto as *in globo* Exhibit C.

15.     Plaintiffs assert in their FIL Proofs of Claim and in the FIL Bankruptcy that their purchase of $100 million of "Series N" shares issued by the Leveraged Fund -- the same purchase and the same "Series N" shares that allegedly give rise to the claims asserted by Plaintiffs in this Action -- results in Plaintiffs being the "largest stakeholders" in the FIL Bankruptcy.  *See* Plaintiffs' Statement at 2-3.  Similarly, the Joint Official Liquidators of the Leveraged Fund[2] have asserted in the FIL Bankruptcy that Plaintiffs, based on their purchase of the "Series N" shares, "are the true aggrieved parties-in-interest" where debtor FIL is concerned.  *See Affidavit of Robin Lee McMahon*, Docket No. 43, *Fletcher International, Ltd.* v. *Fletcher Income Arbitrage Fund in Official Liquidation, et al.*, Adv. Proc. No. 12-1740 (July 26, 2012 Bankr. S.D.N.Y.) (the "McMahon Affidavit") (a copy of this Affidavit is attached hereto as Exhibit D).

16.     Plaintiffs' FIL Proofs of Claim assert claims against FIL, as debtor, arising from Plaintiffs' purchase of the "Series N" shares of the Leveraged Fund in an amount far exceeding $100 million.  Plaintiffs allege that the Debtor is liable to Plaintiffs for the Leveraged Fund's alleged breach of contract with Plaintiffs because:

> [T]he Debtor [FIL] is the alter ego of [the Leveraged Fund].  [The Leveraged Fund], [FIL] and certain other entities in the Fletcher Funds structure operated as a single

---

[2] On January 31, 2012, Plaintiffs filed a winding up petition against the Leveraged Fund in the Grand Court of the Cayman Islands (the "Cayman Court").  By Order, dated April 18, 2012, the Cayman Court appointed Roy Bailey and Robin Lee McMahon, each of Ernst & Young Ltd., as Joint Official Liquidators of the Leveraged Fund.  The liquidation proceedings of the Leveraged Fund, including the expenses of the Joint Official Liquidators, are funded by Plaintiffs.  See McMahon Affidavit (Ex. C) at ¶12.

1150775v2

>   economic entity by, among other things, disregarding certain corporate formalities and comingling certain assets. Furthermore, there are elements of unfairness because [FIL] used [the Leveraged Fund] and other entities in the Fletcher Funds structure to delay and impede the Louisiana Pension Funds' requests for redemption. [FIL], through its domination and control of [the Leveraged Fund], is the alter ego of [the Leveraged Fund] and is liable for the breach of contract claim between [the Leveraged Fund] and the Louisiana Pension Systems.

FIL Proofs of Claim at ¶7(a). Further, Plaintiffs allege that FIL aided and abetted fraud committed by the Leveraged Fund and is liable to Plaintiffs on account thereof. FIL Proofs of Claim at ¶7(b) and (c). Plaintiffs' FIL Proofs of Claim have not been adjudicated or resolved by the Bankruptcy Court.

17. Plaintiffs assert in their FIL Proofs of Claim that the fraud (i) in which FIL allegedly aided and abetted; and (ii) that allegedly resulted in Plaintiffs' loss of over $100 million, was actually committed by the Leveraged Fund. *See* FIL Proofs of Claim at ¶7(a). Leveraged, of course, is the debtor in the Leveraged Bankruptcy. Arbitrage, the intermediate fund in which Leveraged invested, is also a debtor.

18. Consequently, for the foregoing reasons, this Action is clearly "related to" the Fund Bankruptcies within the meaning of 28 U.S.C. §1334(b). "[T]he test for whether a proceeding properly invokes federal 'related to' jurisdiction is whether the outcome of the proceeding could conceivably affect the estate being administered in bankruptcy." *In re TXNB Internal Case*, 483 F. 3d 746, 752 (5th Cir. 2007). "Certainty is unnecessary; an action is 'related to' bankruptcy if the outcome could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankrupt estate." *Id. See Feld v. Zale Corp. (In re Zale Corp.),* 62 F.3d 746, 752 (5th Cir.1995). This Action is related to the Fund

Bankruptcies because Plaintiffs are seeking to recover the same losses in this Action (i) that they are actively seeking to recover in the FIL Bankruptcy; and (ii) that they allege were caused by Leveraged and that, therefore, make Plaintiffs one of the largest creditors with respect to the Leveraged Bankruptcy.  In other words, the same losses for which Plaintiffs seek recovery here are liabilities of the debtors in the FIL and Leveraged Bankruptcies, and also of the Arbitrage Bankruptcy by virtue of Plaintiffs' position, asserted elsewhere, that all of the debtors (FIL, Leveraged, and Arbitrage) are "alter egos" of one another that should be collapsed and treated as a single entity.  *See, e.g.,* FIL Proofs of Claim at ¶7(a).  Consequently, resolution of Plaintiffs' claims against the defendants in this Action may alter all of the debtors' rights and liabilities.  As such, removal is proper under 28 U.S.C. §1452(a).

### The Requirements Of Diversity Jurisdiction Are Met Here

19.    This court also has original jurisdiction over this Action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.  Thus, this Action may properly be removed to this Court under 28 U.S.C. § 1441.

20.    Plaintiffs seek to recover losses they allegedly incurred in connection with investments in "Series N shares" of Leveraged.  According to the Petition, plaintiff FRS invested a total of $45,000,000 in the Series N shares, plaintiff MERS invested a total of $40,000,000 in the Series N shares, and plaintiff NOFF invested a total of $15,000,000 in the Series N shares.  Petition at ¶ 7.  Plaintiffs claim to have suffered a loss in the amount of the purchase price of the Series N shares.  *Id.* at ¶ 174.  Plaintiffs also claim to be "entitled to the return of the purchase price of the Series N shares or, in the alternative, an amount equal to the difference between the purchase price of the Series N shares and any

7

amount realized from such shares to date, which is nothing." *Id.* Accordingly, and with respect to each Plaintiff, the amount in controversy easily exceeds $75,000, exclusive of interest and costs.

21.     Each of the Plaintiffs – FRS, MERS and NOFF – is a political subdivision of the State of Louisiana that is separate and distinct from the State and, therefore, a citizen of the State of Louisiana.

22.     Defendant CSG is a Tennessee limited liability company with its business address and principal place of business located in Tennessee. CSG Holdings, LLC is the only member of CSG. The members of CSG Holdings, LLC consist of (i) individuals, all of whom reside in Tennessee; and (ii) a Delaware corporation with its principal place of business in Tennessee. No members of CSG or CSG Holdings are citizens of Louisiana.

23.     Defendant Grant Thornton, LLP ("Grant Thornton") is an Illinois limited liability partnership that has principal offices in Illinois and New York. None of Grant Thornton's partners reside in or are citizens of Louisiana.

## Other Removal Requirements

24.     Plaintiffs have not filed in the record proof of service of the Petition on defendant Grant Thornton. Nor is there any other evidence that Grant Thornton has been served. Consequently, Grant Thornton is not required to join in or consent to removal at this time. *See* 28 U.S.C. § 1446(b)(2)(A) (requiring that, when a civil action is removed solely under 28 U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal…"). This Notice of Removal is without prejudice to the rights of Grant Thornton, and nothing set forth herein is binding upon such defendant.

25. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), in that this Notice of Removal is being filed within thirty (30) days of service of the Petition on CSG.

26. Promptly after the filing of this Notice of Removal, CSG shall provide notice of the removal to Plaintiffs through their attorneys of record in the State Court Action and to the Clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d).

27. CSG reserves all rights, defenses and objections, including but not limited to defenses and objections as to venue and personal jurisdiction, and the filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections.

Dated:  February 18, 2014

Respectfully submitted,

 /s/ Nicholas J. Wehlen
Paul J. Masinter, La. Bar No. 18324
Michael Q. Walshe, Jr., La. Bar No. 23968
Nicholas J. Wehlen, La. Bar No. 29476
Justin P. Lemaire, La. Bar No. 29948
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone:  (504) 581-3200
Facsimile:  (504) 581-3361

*Counsel for Consulting Services Group, LLC*

# **C E R T I F I C A T E**

I hereby certify that on this 18th day of February, 2014, I electronically filed the preceding Notice of Removal with the Clerk of Court by using the CM/ECF system. I further certify that, on this date, a true and correct copy of the foregoing Notice of Removal is being served on counsel of record by email and by U.S. Mail as follows:

    Phillip W. Preis (phil@preislaw.com)
    Charles M. Gordon, Jr. (chuck@preislaw.com)
    Crystal D. Burkhalter (crystal@preislaw.com)
    Caroline P. Graham (caroline@preislaw.com)
    Charles M. Thompson (matt@preislaw.com)
    Jennifer R. Dietz (jennifer@preislaw.com)
    John N. Grinton (john@preislaw.com)
    Preis Gordon, APLC
    2150 Bank One Centre - North Tower
    450 Laurel Street, Suite 2150
    Baton Rouge, Louisiana 70801

    /s/ *Nicholas J. Wehlen*